PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SANTOS BUXÓ, Defendant and Appellant.

No. 4104. Argued March 17, 1930.—Decided March 31, 1930.

*González Fagundo & González Jr.,* for appellant. *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On April 9, 1929, the District Court of Humacao found Santos Buxó guilty of carrying a weapon and sentenced him to a month in jail. This was a second judgment of conviction, as the case originated in the Municipal Court of San Lorenzo, from which it had been appealed.

On that same day Buxó took an appeal to this court and,

for the purpose of perfecting the same, he applied for and obtained numerous extensions throughout a period of ten months.

At this stage of the proceedings, on March 3 last, the *Fiscal* of this court filed a motion to dismiss the appeal invoking Rule 59 of this court—which, in so far as now pertinent prescribes that after the expiration of ninety days from the time of the notice of appeal and notwithstanding any extension of time granted by the court below, this court may, in its discretion, dismiss the appeal if it be satisfactorily shown that the appellant has failed to prosecute his appeal with due diligence—and the decisions in *People* v. *Rodríguez,* 37 P.R.R. 425, and *Ferrocarriles del Este* v. *María Ríos de Rubio,* 39 P.R.R. 77.

The hearing of the motion having been set for March 17, and notice thereof having been served on the 4th, the parties appeared through their respective counsel. The appellant opposed the motion and filed an affidavit of his attorney to the effect that the stenographer had failed to inform him of the amount of his fees notwithstanding his request to be so advised, and that for this reason he had not made the deposit; also a certificate from the clerk of the district court showing that the appellant had filed the transcript of the evidence on March 8, 1930, and a copy of the said transcript. The *Fiscal* pressed his motion.

Having considered the facts in the light of the said rule and of the decisions cited by the *Fiscal,* we find that the appeal should be dismissed. No valid excuse is shown. The transcript had not been filed at the time of the filing of the motion to dismiss nor of the service of notice of the hearing thereof. It was filed subsequently. It contains only 27 double-spaced typewritten pages and hence could have been prepared by the stenographer in a single day. Besides, we have examined the entire evidence. That for the prosecution is sufficient, although in conflict with that introduced by the defense, but the conflict was resolved by the court adversely

to the defendant. No manifest error is shown. On the contrary, the theory of the defense seems improbable.

The appeal must be dismissed.